RufuiN, Chief-Justice,
 

 after stating the facts as above proceeded, — In considering this application, the court assumes that the deeds cannot be read in their present state, and we confine ourselves altogether to the enqui-ry, whether the party ought now to have an opportunity of supplying the defects in the probate, and if so, upon what terms.
 

 The rule of practice in the English chancery clearly forbids the opening of the order under such circumstances. But without condemning that rule, we arc obliged to sec that it would work great injustice to apply it in our courts as organized. Nor perhaps can we lay down any precise rule of practice for ourselves, considering the difficulty that parties are under in taking their proofs and preparing a case for trial. In the present case, however, the materiality of the proof has been so distinctly known to the parties, and the fact to which it relates so fully put in issue by the pleadings, that the subsequent and great delay is without excuse, and deprives the plaintiff of all right to ask for further delay, but upon the hardest terms. Our only difficulty is, whether we can grant it upon any terms. But as it is taken that in such a case, the plaintiff might, according to our course, dismiss his bill without prejudice, whereby ha
 
 *387
 
 would render himself liable to the costs, the court will grant the prayer of the petition, upon the payment by the plaintiff of the costs of that, and of all the costs of tlie cause, of which no part will be re-imbursed to him on the hearing, whatever may be its result. This indulgence is granted, because in effect it is dismissing the bill without prejudice, with this advantage to all parties, that a final decision upon the merits will be had much sooner than if the plaintiff were put to a new bill. The plaintiff may therefore take this order, or have the cause now heard, at his election.
 

 Per Curiam. — Order accordingly.